# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CRAIG, | ) | CASE NO. 1:16-cv-1003 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| WARDEN JOHN COLEMAN, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the objection of petitioner Michael Craig ("petitioner" or "Craig") to the Report and Recommendation (Doc. No. 11 ["R&R"]) of Magistrate Judge Thomas M. Parker.[1] (Doc. No. 13 ["Obj."].) The magistrate judge recommends that the Court grant respondent John Coleman's ("respondent" or "Coleman") motion to dismiss Craig's petition for habeas corpus as time-barred (Doc. No. 7 ["Mot."]). For the reasons that follow, petitioner's objection is overruled and respondent's motion is granted.

## I. BACKGROUND[2]

### A. State Court Proceedings

Petitioner was convicted of multiple counts of aggravated robbery, aggravated burglary, felonious assault, kidnapping, and possessing weapons under disability in 2008. (R&R at 469.[3]) The underlying facts of Craig's indictment and conviction, as recited by the Ohio court of

---

[1] This matter was automatically referred to the magistrate judge pursuant to Local Rule 72.2. (*See* Automatic Reference dated April 27, 2016.)

[2] Petitioner does not object to the magistrate judge's recitation of the factual and procedural background of this case.

[3] References to page numbers are to the page identification numbers generated by the Court's electronic filing system.

appeals, are quoted in the R&R. (*Id*. at 470-71.) After he was indicted, Craig pleaded not guilty and filed a notice of alibi (that he was in New York with his grandmother at the time of the crime). (*Id*. at 471.) Craig was convicted by a jury and sentenced to an aggregate term of 33 years of imprisonment. (*Id*.)

Petitioner filed a timely notice of appeal, asserting 15 assignments of error. All were overruled with the exception of two, which were sustained in part and remanded to the trial court to merge certain counts of Craig's conviction because those counts were allied offenses of similar import. (*Id*. at 471-72.) Upon remand, the trial court merged the convictions as instructed by the appellate court, conducted a new sentencing hearing, and again sentenced Craig to 33 years. (*Id*. at 472.)

Craig appealed, but the appellate court overruled all three assignments of error. The Ohio court of appeals denied Craig's application for reconsideration, and the Ohio Supreme Court declined to exercise jurisdiction on October 10, 2012. Craig did not file a petition for a writ of certiorari in the United States Supreme Court, so his conviction became final on January 8, 2013—90 days after the Ohio Supreme Court declined to hear the case. (*Id*. at 472-73.)

**B. Post-Conviction Proceedings**

Five months after he was resentenced, Craig filed a motion for leave to file a motion for a new trial and/or a petition for post-conviction relief on the grounds that he was "actually innocent" based on "new evidence" consisting of five affidavits from different family members attesting that Craig was in New York for a certain period of time (the "alibi affidavits"). The trial court denied the motion as untimely and because alibi evidence that Craig was not present at the time of the crime was offered at trial. Craig appealed, but the appellate court denied his appeal,

2

finding that the "newly discovered" evidence was either known to him at the time of the trial or could have been found, and was cumulative of evidence presented at trial. (*Id*. at 473.)

**C. Federal Habeas Petition**

On April 26, 2016, Craig filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 raising three claims for relief: (1) ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States (in part, for failing to call more than one alibi witness); (2) conviction for felonious assault and firearms specifications were not supported by sufficient evidence; and (3) violation of petitioner's substantive and due process rights under the Fourteenth Amendment related to his resentencing. (*Id*. at 474.)

Respondent seeks dismissal of Craig's petition on the grounds that the petition is time barred because it was filed over two years after the expiration of AEDPA's one year statute of limitations,[4] which in this case, was one year after Craig's conviction became final on January 8, 2013. After an extensive analysis of the parties' arguments, the magistrate judge recommended that respondent's motion to dismiss be granted.

## II. DISCUSSION

**A. Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of

---

[4] *See* 28 U.S.C. § 2244(d)(1).

specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, No. 1:14-cv-2302, 2015 WL 5316216, at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell*, 1994 WL 532926, at *1); Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## B. Analysis

### 1. AEDPA's one year statute of limitations

AEDPA imposes a one year statute of limitation for filing a federal habeas petition. *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)). Craig acknowledges that his petition was filed after the statute of limitations expired, but argues that his claim of actual innocence based on the alibi affidavits equitably tolls the statute and permits the Court to consider the merits of his constitutional claims.[5] (R&R at 474.) Craig bases his equitable tolling[6] argument on the United States Supreme Court's decision in *Schlup v. Delo,* 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), and the Sixth Circuit's decisions in *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005) and *Cleveland*.

---

[5] Craig does not argue that AEDPA's statutory tolling provisions apply to this case, and the magistrate judge found, without objection by petitioner, that AEDPA's statutory tolling provisions are not applicable here. (R&R at 476 n. 4.)

[6] Although some courts have considered actual innocence claims in the context of equitable tolling, it is more accurate to describe the issue as an equitable exception. *See Phillips v. United States*, 734 F.3d 573, 581 n.7 (6th Cir. 2013) (quoting *McQuiggin* and citing *Rivas v. Fischer*, 687 F.3d 514, 547 n.42 (2d Cir. 2012) ("which noted that some courts have framed the actual innocence question as whether the AEDPA allows for 'equitable tolling' but finding it more accurate to describe the issue as whether an 'equitable exception' exists because the due diligence requirement for equitable tolling is 'incompatible with a workable actual innocence exception'")). Moreover, Craig does not, and cannot, argue that the factual predicate of his actual innocence claim could not have been discovered by him until after the statutory period for filing his habeas claim expired under AEDPA.

A petitioner who presents a credible claim of actual innocence is not automatically entitled to habeas relief, but is entitled to have a federal court consider the merits of his constitutional claims notwithstanding a procedural bar that would ordinarily preclude consideration of his habeas petition. *Cleveland*, 693 F.3d at 631-32 (citing *Schlup*, 513 U.S. at 314-15; *Souter*, 395 F.3d at 601) (further citation omitted). A properly supported actual innocence claim may provide an equitable gateway exception to overcome either a procedural bar, as in *Schlup*, or an expiration of AEDPA's statute of limitations. *McQuiggin v. Perkins*, ___U.S.___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013) (citing *Schlup*). In such cases, a credible claim of actual innocence operates as a "gateway" that entitles a petitioner to have a federal court consider the merits of his otherwise barred habeas petition. *Id.*; *Cleveland*, 693 F.3d at 632 (citing *Schlup*, 513 U.S. at 315).

In order to proceed through the *Schlup* "gateway," petitioner must present a "credible" claim of actual innocence. "This 'requires petitioner to support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial.'" *Cleveland*, 693 F.3d at 633 (emphasis added) (quoting *Schlup*, 513 U.S. at 327); *Bell v. Howes*, No. 14-1169, 2017 WL 2882453, at *3 (6th Cir. June 29, 2017) (same). Moreover, a "credible" claim of actual innocence does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. *McQuiggin*, 133 S. Ct. at 1927 (quoting *Schlup,* 513 U.S. at 329); *Cleveland*, 693 F.3d at 633 (quoting *Schlu*p, 513 U.S. at 329). Cases where a constitutional error has caused the conviction of an innocent person are extremely rare, however, and the actual innocence gateway exception

5

to consideration of a habeas petition filed beyond AEDPA's statute of limitations is only sparingly granted in extraordinary cases. *See McQuiggin,* 133 S. Ct. at 1928; *Cleveland*, 693 F.3d at 632 (citing *Schlup*, 513 U.S. at 322); *Souter*, 395 F.3d at 590 (same); *Bell*, 2017 WL 2882453, at *3 (same) (citing *Schlup* and *Souter*).

**2. Objection to the R&R**

Applying the Supreme Court's and Sixth Circuit's "gateway" analysis based upon a claim of actual innocence, the magistrate judge concluded that petitioner failed to establish that he was entitled to consideration of his untimely habeas petition through the *Schlup* gateway. Much of petitioner's objection addresses the merits of his petition for habeas relief, and Craig generally argues that the magistrate judge misapplied *Cleveland* in finding that petitioner's claim of actual innocence is not new, reliable, or exculpatory.[7] (*See* Obj. at 489, 493.)

The only specific objection asserted by petitioner with respect to the R&R's *Schlup* gateway analysis goes to the issue of the reliability and credibility of the alibi affidavits.[8] The Court will address each element of the *Schlup* analysis, however, because all of the elements must be satisfied in order for petitioner to be entitled to pass through the *Schlup* gateway.

---

[7] Petitioner does argue in his objection that the magistrate judge incorrectly identified the law to be applied to the analysis of Craig's actual innocence claim. Rather, Craig argues that the magistrate judge "misapplied" that law to petitioner's case.

[8] Petitioner also argues that the magistrate judge erred in applying *Cleveland* because, in that case, the Sixth Circuit found equitable tolling based upon a claim of actual innocence even though the habeas petition was presented "many years" after AEDPA's one year limitation period had expired. Craig reasons that here, unlike *Cleveland*, there was a "relatively short lapse of time" between the expiration of the statute of limitations and the filing of the habeas petition and petitioner has produced "many affidavits" to support his actual innocence claim. (Obj. at 498.) Petitioner cites no authority to support his contention that the length of time between the expiration of statutory filing period and actual filing of the habeas petition, or the mere quantity of alibi affidavits submitted, is relevant to the Court's equitable tolling analysis. This "objection" lacks merit and is overruled.

*New evidence*

Craig's proffered evidence of actual innocence consists of the same five alibi affidavits that he presented to the trial court in support of his motion for a new trial and post-conviction relief, which was denied by the trial court and affirmed on appeal. (R&R at 477.) For the purpose of analysis, the magistrate judge assumed without deciding that the alibi affidavits are new in that they are "newly presented," though not "newly discovered," since the trial. (R&R at 480, n. 10.) That said, the magistrate judge found that the alibi affidavits were cumulative of the testimony presented at trial and, thus, not new evidence. [9] (*Id*. at 479-80.) Petitioner does not object to this finding by the magistrate judge.

*Reliable evidence*

The magistrate judge then addressed the issue of reliability, and concluded that the alibi affidavits supporting Craig's actual innocence claim are not reliable because, generally, alibi affidavits submitted by family members after trial are suspect and unlikely to convince a reasonable jury that a petitioner is actually innocent.[10] (*Id*. at 480-81, collecting cases.) In his objection, Craig asserts that "there is simply nothing in the record" to indicate that the alibi affidavits are unreliable. (Obj. at 499.) But it is petitioner's burden to establish that his actual innocence claim entitles him to pass through the *Schlup* gateway. *See Souter*, 395 F.38 at 596.

---

[9] At trial, Craig's grandmother testified that he was in New York from July 14, 2008 until the end of November 2008. (R&R at 479-80.) The alibi affidavits similarly aver that Craig was staying with his grandmother during approximately the same time period. Evidence that is "merely cumulative" of testimony presented at trial is not new evidence. (*Id*. at 480, citing *Souter*, 395 F.3d at 595.)

[10] The Ohio court of appeals also concluded that the alibi affidavits were not entirely reliable because they were all from family members interested in the success of Craig's motion for a new trial, and did little to support the argument that petitioner was not responsible for the crimes occurring on August 6, 2008. (*See* R&R at 477-78.)

Craig offers no legal authority contrary to the case law cited by the magistrate judge that post-trial alibi affidavits from family members are generally considered suspect, nor has he offered some indicia of reliability with respect to the affidavits from his family members.

Petitioner also contends that the magistrate judge erred in determining that the alibi affidavits are not credible because they lack specificity regarding when and where Craig was in New York. In making that determination, petitioner argues that the magistrate judge improperly weighed evidence in contravention of *Cleveland*, which "clearly held that [a] hearing must be conducted in order to determine the credibility of evidence." (Obj. at 498-99.) This argument is unavailing.

The credibility of the alibi affidavits is an entirely different issue from that of whether the averments specifically establish Craig's alibi. *See Bell v. Howes*, 703 F.3d 848, 855 (6th Cir. 2012) ("The King documents can be read to establish that at least one individual named Chill Will existed in the vicinity. However, this fact does not tie that individual to the underlying crimes[.]") (footnote omitted). Moreover, the R&R does not hinge on the credibility (or reliability) of the alibi affidavits. Indeed, the magistrate judge assumed that the alibi affidavits were reliable and credible, but found that the averments therein did not establish that Craig was in New York on August 6, 2008. (R&R at 478-79 ("Even if believed, the five affidavits do not establish an alibi for Craig on August 6, 2008 [because] none speak[] specifically to Craig's whereabouts on the date of the crime.").)

Petitioner's objection that the magistrate judge improperly determined the credibility of the alibi affidavits without an evidentiary hearing is overruled.

### *More likely than not that no reasonable juror would have found petitioner guilty*

Finally, the magistrate judge did not find that it was more likely than not that no reasonable juror would have convicted petitioner in light of the alibi affidavits because: (1) a reasonable juror would consider the alibi affidavits unreliable because they are all from family members who have a personal interest in Craig's exoneration; (2) the affidavits do not address Craig's whereabouts on the date of the crime; and (3) the affidavits are merely cumulative of the alibi trial testimony of Craig's grandmother, which was implicitly rejected by the jury in finding petitioner guilty of the crimes alleged. (*Id*. at 478-82, case citations omitted.)

Plaintiff did not specifically object to this finding, but did object to certain aspects of the finding, which have already been addressed by the Court, *supra*. Affidavits from family members created after trial are not sufficiently reliable to support a claim of actual innocence. *See Fortson v. Eppinger*, No. 1:15 CV 2078, 2017 WL 603086, at *5 (N.D. Ohio Feb. 15, 2017) (citing *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x. 528, 531-32 (11th Cir. 2009)); *Wiles v. Warden, Marion Corr. Inst.*, No. 1:14CV685, 2015 WL 4467766, at *7 (S.D. Ohio July 21, 2015) (same) (collecting cases). Moreover, affidavits that are cumulative of trial testimony considered by the jury alongside other evidence at trial "lack the necessary 'probative force' to establish that they represent new, trustworthy [evidence] that may buttress [petitioner's actual innocence] claim." *Allen v. Harry*, 497 F. App'x 473, 400-81 (6th Cir. 2012).

## III. CONCLUSION

After conducting a de novo review of petitioner's specific objections to the R&R, and for all the foregoing reasons, petitioner's objections to the R&R are overruled. The Court accepts the magistrate judge's recommendation. Respondent's motion to dismiss is granted. This case is closed.

**IT IS SO ORDERED**.

Dated: September 18, 2017

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**